**HESTON & HESTON,**
**ATTORNEYS AT LAW**
RICHARD HESTON (90738)
HALLI HESTON (90737)
BENJAMIN HESTON (297798)
19700 Fairchild Road #280
Irvine, CA 92612
Tel: 949.222.1041
Fax: 949.222.1043
ben@nexusbk.com

Attorneys for Defendant

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re: <br><br> MARKSIANE SENELATH, and <br><br> LINDA GIP, <br><br> Debtors. | **Case No: 8:25-bk-10995-SC** <br><br> **Chapter 7** <br><br> **Adv. No: 8:25-ap-01303-SC** <br><br> **MOTION TO DISMISS CAUSES OF ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |
| KAPITUS SERVICING, INC., as Servicing Agent for Kapitus, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MARKSIANE SENELATH, <br><br> Defendant. | **Hearing:** <br> Date: December 9, 2025 <br> Time: 1:30 PM <br> Courtroom: 5C <br> Location: 411 West Fourth Street <br>     Santa Ana, CA 92701 |

Defendant, Marksiane Senelath, hereby moves the Court for an order dismissing Plaintiff's Third and Fourth Claims for Relief pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012, and in support thereof, respectfully represents and alleges as follows:

///

///

///

## I. INTRODUCTION

Plaintiff Kapitus Servicing, Inc. ("Plaintiff") alleges four grounds for nondischargeability against Defendant Marksiane Senelath ("Defendant"): 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6). The third and fourth of these claims, §523(a)(4) and (a)(6), are subject to dismissal as the Complaint has not alleged facts sufficient to form a cause of action under these statutes. Dismissing these patently deficient claims serves judicial economy by narrowing the issues and preventing unnecessary litigation and expenditure of resources.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6), made applicable in bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7012, permits dismissal for "failure to state a claim upon which relief can be granted." To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The court must assess whether the facts alleged, viewed in the light most favorable to the plaintiff, present a plausible basis for relief.

## III. ARGUMENT

### A. The Third Claim (§ 523(a)(4) - Fiduciary Capacity) Fails Because No Fiduciary Relationship Existed

Plaintiff's Third Claim seeks nondischargeability under § 523(a)(4), alleging the debt arose from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The portion of this claim predicated on "fiduciary capacity" fails because the relationship

described in the Complaint does not meet the strict requirements for fiduciary capacity under federal bankruptcy law.

The concept of "fiduciary capacity" under § 523(a)(4) is interpreted narrowly under federal law, not state law. *In re Cantrell*, 329 F.3d 1119, 1125 (9th Cir. 2003). It applies only to relationships involving express or technical trusts that existed *before* the alleged wrongdoing occurred. *Id.*; *see also Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333 (1934). A technical trust requires specific statutory or common law imposition of trust-like duties. *Cantrell*, 329 F.3d at 1125. Trusts that are implied by law solely as a result of the alleged misconduct (constructive trusts or trusts *ex maleficio*) and relationships arising merely from contract do *not* establish fiduciary capacity for §523(a)(4) purposes. *Id.*; *In re Honkanen*, 446 B.R. 373, 379 (B.A.P. 9th Cir. 2011) ("It is well-settled... that the fiduciary capacity requirement of § 523(a)(4) does not encompass ordinary commercial relationships, such as a debtor-creditor relationship.").

Here, the Complaint's factual allegations describe a standard commercial financing transaction, not a trust relationship. Plaintiff entered into a "Forward Purchase Agreement" (Complaint, Ex. B) to buy Sky Limit's future receivables. Defendant's obligations are purely contractual duties defined by that agreement. Plaintiff's use of the term "entrusted" is merely a restatement of the contractual expectation that Defendant would handle the receivables according to the agreement; it does not allege facts establishing a pre-existing express or technical trust.

The Complaint contains no allegations that: (1) an express trust agreement existed; (2) Defendant was designated as a formal trustee; (3) specific funds constituting the purchased receivables were required by statute or agreement to be segregated from Sky Limit's other operating funds; or (4) a state or federal statute imposed technical trust duties upon Defendant relevant to this transaction. The relationship was that of a seller (Sky Limit, guaranteed by Defendant) and a purchaser (Plaintiff) of future assets, a common debtor-creditor dynamic in the context of receivables financing. Such ordinary commercial relationships fall squarely outside the narrow definition of "fiduciary capacity" required by § 523(a)(4). *See Cantrell*, 329 F.3d at 1126-27 (holding that even a contractual requirement to hold proceeds in trust did not, without more, create § 523(a)(4) fiduciary capacity).

Because the facts alleged, taken as true, describe only a contractual relationship, they cannot, as a matter of law, establish the existence of a fiduciary capacity under § 523(a)(4). This portion of the Third Claim for Relief fails to state a plausible claim and should be dismissed with prejudice.

**B. The Fourth Claim (§523(a)(6) - Willful & Malicious Injury) Fails Because It Alleges Only Breach of Contract Without Malice**

Plaintiff's Fourth Claim alleges nondischargeability under §523(a)(6) for "willful and malicious injury." This requires Plaintiff to plead facts plausibly showing both willfulness and malice. The Complaint fails to do so, alleging conduct that amounts to a simple breach of contract rather than the tortious conduct §523(a)(6) addresses.

The "willful" injury requirement under § 523(a)(6) refers to the *intent to cause the injury*, not merely the intent to perform the act that leads to injury. *Kawaauhua v. Geiger*, 523 U.S. 57, 61-62 (1998) ("debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)."). The Ninth Circuit applies a subjective standard: the debtor must have intended the injury or believed the injury was substantially certain to occur as a result of their conduct. *In re Su*, 290 F.3d 1140, 1144 (9th Cir. 2002). "Malicious" means "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *In re Jercich*, 238 F.3d 1202, 1209 (9th Cir. 2001).

While an intentional breach of contract is wrongful, it does not, by itself, constitute a willful and malicious injury nondischargeable under § 523(a)(6). *Jercich*, 238 F.3d at 1207. Nondischargeability requires something more, typically tortious conduct accompanying the breach, demonstrating the requisite subjective intent to harm the creditor. *Id.*

Plaintiff attributes several actions to Defendant, including making alleged misrepresentations in the contract documents, causing stop payments on ACH debits, diverting or using the receivables in violation of the agreement, and closing the business. All of these alleged actions constitute breaches of specific provisions of the agreements. Plaintiff alleges these acts were intentional, but critically fails to plead specific *facts* showing Defendant

committed these breaches with malice and with the intent to *injure Plaintif*, rather than just merely to avoid financial harm upon himself.

The Complaint offers only the conclusory assertion that Defendant "knew Defendant would cause harm to Plaintiff". This bare allegation lacks the factual basis for which Defendant would have a motive to affirmatively want to cause injury to Plaintiff, such as hatred, ill will, or spite. It fails to plausibly allege that Defendant's motive was to harm Plaintiff, rather than other potential motivations consistent with a struggling business. Without specific factual allegations supporting the subjective intent to cause harm, the Complaint pleads only an intentional breach of contract, which is insufficient to state a claim under § 523(a)(6).

### IV. CONCLUSION

The Complaint fails to meet the standards for pleading causes of action for defalcation while acting in a fiduciary capacity and for willful and malicious injury as grounds for determining that Plaintiff's claim is nondischargeable. The Complaint does not allege that there was a fiduciary relationship between the parties, and the claim under §523(a)(4) must fail as a matter of law. The Complaint has not alleged that Defendant acted with an intent to injure that would support a finding of willful or malicious injury. For these reasons, Defendant respectfully requests that the Court dismiss the causes of action arising under 11 U.S.C. §523(a)(4) and (a)(6) for failure to state a claim upon which relief may be granted.

Respectfully,

HESTON & HESTON

Date: October 29, 2025

/s/Benjamin Heston
BENJAMIN HESTON,
Attorney for Defendant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO DISMISS CAUSES OF ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/29/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jeffrey I Golden (TR)    lwerner@go2.law, kadele@go2.law;C205@ecfcbis.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Rebecca M Wicks    rwicks@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/29/2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Scott C. Clarkson
411 West Fourth Street
Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/29/2025 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**