**HESTON & HESTON,**
**ATTORNEYS AT LAW**
RICHARD HESTON (90738)
HALLI HESTON (90737)
BENJAMIN HESTON (297798)
19700 Fairchild Road #280
Irvine, CA 92612
Tel: 949.222.1041
Fax: 949.222.1043
ben@nexusbk.com

Attorneys for Defendant

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MARKSIANE SENELATH, and<br><br>LINDA GIP,<br><br>Debtors. | **Case No: 8:25-bk-10995-SC**<br><br>**Chapter 7**<br><br>**Adv. No: 8:25-ap-01303-SC**<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS CAUSES OF ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |
| KAPITUS SERVICING, INC., as Servicing Agent for Kapitus, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARKSIANE SENELATH,<br><br>Defendant. | **Hearing:**<br>Date: March 3, 2026<br>Time: 1:30 PM<br>Courtroom: 5C<br>Location: 411 West Fourth Street<br>            Santa Ana, CA 92701 |

Defendant, Marksiane Senelath, hereby submits this Reply to the Opposition to Defendant's Motion to Dismiss Causes of Action Pursuant to Federal Rule of Civil Procedure 12(b)(6), and alleges as follows:

## I. INTRODUCTION

Plaintiff has employed a "kitchen sink" approach to its pleading by tacking on claims relating to "fiduciary capacity," "embezzlement," and "larceny" under §523(a)(4) and "willful

1

and malicious injury" under §523(a)(6). It is fundamentally unfair to force a debtor to defend against, and to endure the expense of broad discovery and pretrial litigation for, causes of action upon which the Plaintiff cannot realistically prevail. The Court should prevent this unfairness by dismissing these legally deficient causes of action.

## II. ARGUMENT

### A. The "Fiduciary Capacity" and "Larceny" Portions of the Third Claim Fail as a Matter of Law

Section 523(a)(4) covers several different bases for non-dischargeability. Plaintiff has conceded that the "fiduciary capacity" claim fails. Accordingly, that portion of the Third Claim must be dismissed.

Furthermore, Plaintiff's Opposition correctly defines embezzlement as requiring an original lawful taking, while acknowledging that larceny requires an unlawful original taking. These are mutually exclusive concepts. Because Plaintiff has chosen to plead embezzlement, the larceny prong of the Third Claim must also be dismissed.

### B. The "Embezzlement" Portion of the Third Claim Fails Because Plaintiff Has Not Plausibly Alleged Entrusted Property

Embezzlement requires the fraudulent appropriation of "property of another" by a person to whom such property has been entrusted. In the context of the present transaction, the receivables purchase agreement granted Plaintiff merely a contractual right to payment and a security interest in future receivables, rather than an ownership interest in a specific, identifiable res. The receipts deposited into Defendant's operating account consisted of commingled funds. Absent a segregation of specific funds, no trust res existed, and therefore, no property was ever "entrusted" to Defendant.

Without establishing the existence and misappropriation of the "property of another," Plaintiff's §523(a)(4) claim for embezzlement is fatally defective. A failure to remit proceeds from a general operating account to satisfy a contractual obligation constitutes a mere breach of

contract, *not* the tortious misappropriation of property. Because the underlying commercial transaction lacks the fundamental prerequisite of entrusted property, this claim must be dismissed.

### C. The Fourth Claim Fails Because Plaintiff Cannot Establish Conversion or Willful Injury

Plaintiff's § 523(a)(6) claim fails because the alleged conduct constitutes a standard breach of contract, not a tortious "willful and malicious" injury. To bridge this gap, Plaintiff attempts to characterize this contractual default as "conversion." But without ownership, as discussed above, there can be no conversion.

Under California law, a generalized claim for unpaid money cannot form the basis of a conversion claim. For money to be "converted," the plaintiff must prove the defendant misappropriated a specific, identifiable sum of money that was strictly segregated from other funds. *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 395 (2007). The "receipts" in this case were not segregated from other funds. Because Plaintiff merely had a right to be paid and a security interest, not ownership of specific, segregated funds, there can be no conversion.

Plaintiff advances a legally untenable standard for the "malice" under §523(a)(6). Plaintiff argues that because a person is charged with the knowledge of the natural consequences of their actions, the mere fact that Defendant's actions caused financial damage to Plaintiff and that Defendant knew this damage would occur makes the conduct malicious. This interpretation would render most debts non-dischargeable. Every debtor who defaults on an obligation knows the creditor will suffer financial harm as a result. A person who chooses to use their limited funds to feed their family, or charges groceries to a credit card they cannot pay off, knows with certainty that the creditor will be financially harmed by this action. While the act is intentional and causes financial injury, it is not "malicious" within the scope of § 523(a)(6). The fact that §523(a)(2) would cover this exact same scenario – incurring debt without the ability or intent to pay it – confirms that such an interpretation of §523(a)(6) is overly broad.

Plaintiff acknowledges that the Defendant's business was struggling and ultimately closed. Using limited operating funds to keep a business afloat, or failing to pay a creditor because the business is failing, is not a "willful and malicious" injury directed at the creditor; it is simply the unfortunate reality of a failing business. Plaintiff has pleaded no non-conclusory facts showing Defendant's actions were maliciously targeted to injure Plaintiff rather than a desperate attempt to manage a sinking business.

### III. CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court dismiss the Third and Fourth Claims for Relief with prejudice. Plaintiff should not be given the opportunity to try to plead that a standard financing arrangement somehow turned a security interest in future receivables into owned and converted property.

Respectfully,

HESTON & HESTON

Date: February 24, 2026

/s/Benjamin Heston
BENJAMIN HESTON,
Attorney for Defendant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**19700 Fairchild Road, Suite 280**
**Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF MOTION TO DISMISS CAUSES OF ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/24/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jeffrey I Golden (TR)   lwerner@go2.law, kadele@go2.law;C205@ecfcbis.com
Benjamin Heston   bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov
Rebecca M Wicks   rwicks@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 2/24/2026 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Scott C. Clarkson
411 West Fourth Street
Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/24/2026 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**