United States Bankruptcy Court

Central District of California

Kapitus Servicing, Inc.,,
    Plaintiff

Senelath,
    Defendant

Adv. Proc. No. 25-01303-SC

# CERTIFICATE OF NOTICE

District/off: 0973-8      User: admin      Page 1 of 2
Date Rcvd: Mar 02, 2026      Form ID: pdf031      Total Noticed: 3

The following symbols are used throughout this certificate:
**Symbol      Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 04, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | Richard Heston, Heston & Heston, 19700 Fairchild Road Ste 280, Irvine, CA 92612-2521 |
| pla | + | Kapitus Servicing, Inc.,, Buchalter, A Professional Corp, Brian T. Harvey, Esq., Rebecca M. Wicks, Esq., 1000 Wilshire Blvd, Ste 1500 Los Angeles, CA 90017-1730 |
| dft | + | Marksiane Senelath, 2621 Silverspur Lane, La Habra, CA 90631-6219 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 04, 2026      Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 2, 2026 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Benjamin Heston | on behalf of Defendant Marksiane Senelath bhestonecf@gmail.com benheston@recap.email,NexusBankruptcy@jubileebk.net |
| Jeffrey I Golden (TR) | lwerner@go2.law kadele@go2.law;C205@ecfcbis.com |
| Rebecca M Wicks | on behalf of Plaintiff Kapitus Servicing Inc., rwicks@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |

District/off: 0973-8 User: admin Page 2 of 2
Date Rcvd: Mar 02, 2026 Form ID: pdf031 Total Noticed: 3
TOTAL: 4

**FILED & ENTERED**

**MAR 02 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bolte        DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Marksiane Senelath and Linda Gip,<br><br>Debtor(s). | CHAPTER 7<br><br>Case No.:  8:25-bk-10995-SC<br>Adv. No.:  8:25-ap-01303-SC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS, VACATING HEARING AND CONTINUING STATUS CONFERENCE** |
| Kapitus Servicing, Inc.,<br><br>Plaintiff(s),<br>v.<br><br>Marksiane Senelath,<br><br>Defendant(s). | Vacated hearing:<br>Date:           March 3, 2026<br>Time:          1:30 PM<br>Courtroom: 5C |

The Court has reviewed Defendant's Motion to Dismiss filed October 29, 2025 [Dk. 5] ("Motion"), Plaintiff's Opposition filed February 17, 2026 [Dk. 23], and Defendant's Reply filed February 24, 2026 [Dk. 25], together with the pleadings and papers filed in this adversary proceeding, which was commenced on September 26, 2025. The Court finds this matter appropriate for disposition without oral argument and concludes that a hearing is not necessary and VACATES the hearing set for March 3, 2026.

-1-

Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012, of Plaintiff's Third Claim for Relief under 11 U.S.C. § 523(a)(4) and Fourth Claim for Relief under 11 U.S.C. § 523(a)(6). For the reasons set forth below, the Motion is GRANTED in part with leave to amend and DENIED in part. The Motion is GRANTED with leave to amend as to the Third Claim to the extent it is premised on fraud or defalcation while acting in a fiduciary capacity and larceny. It is DENIED with respect to the Third Claim regarding embezzlement and DENIED as to the Fourth Claim under § 523(a)(6).

The status conference set for March 3, 2026 is continued to May 5, 2026, at 1:30 p.m.

## I. Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. To survive dismissal, the complaint must allege sufficient facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in the nonmoving party's favor, but it does not accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The focus of the analysis is the complaint, and the Court generally does not consider material outside the pleadings. *Schneider v. Cal. Dep't of Corrs.,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

## II. Third Claim for Relief: § 523(a)(4)

Plaintiff's Third Claim for Relief seeks nondischargeability under § 523(a)(4) based on "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." (Compl. ¶¶ 74-84.) As a threshold matter, the phrase "while acting in a fiduciary capacity" does not qualify the terms "embezzlement" or "larceny." *In re Littleton*, 942 F.2d 551, 555 (9th Cir. 1991). The analysis therefore differs depending on the theory asserted.

**A. Fraud or Defalcation While Acting in a Fiduciary Capacity**

Under Ninth Circuit authority, "fiduciary capacity" in § 523(a)(4) is limited to relationships arising from an express, technical, or statutory trust imposed before, and without reference to, the alleged wrongdoing. *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1125 (9th Cir. 2003); *Honkanen v. Hopper (In re Honkanen)*, 446 B.R. 373, 381-82 (9th Cir. BAP 2011). The trust must include identifiable trust property, and general fiduciary-like obligations or contractual duties are insufficient. *Honkanen*, 446 B.R. at 381-82.

Here, the Complaint alleges a forward purchase agreement pursuant to which Plaintiff paid $150,000 in exchange for ownership of future "Receipts." (Compl. ¶ 9.) The Complaint further alleges contractual provisions governing the handling of receipts and a designated account for ACH debits. (Compl. ¶¶ 14-16, 36-38.) Plaintiff alleges that Defendant later caused stop payments (Compl. ¶¶ 19, 21, 36-37) and diverted receipts away from the designated account, including transfers to his wife and pledges of receipts as collateral to Bluevine and ODK. (Compl. ¶¶ 29-32, 35, 39-40, 80-81.)

These allegations describe contractual rights and alleged diversion of property. However, Plaintiff does not plead facts identifying an express, technical, or statutory trust imposed before, and without reference to, the alleged wrongdoing, nor does Plaintiff identify an identifiable trust res held in trust for Plaintiff, as required to plead "fiduciary capacity" under § 523(a)(4). *Cantrell*, 329 F.3d at 1125; *Honkanen*, 446 B.R. at 381–82. Accordingly, the Motion is GRANTED to the extent the Third Claim proceeds on "fraud or defalcation while acting in a fiduciary capacity." (Compl. ¶¶ 74-76, 84.)

**B. Embezzlement**

Embezzlement under § 523(a)(4) requires: (1) property rightfully in the possession of a nonowner, (2) appropriation of the property to a use other than that for which it was entrusted, and (3) circumstances indicating fraud. *In re Littleton*, 942 F.2d at 555; *First Del. Life Ins. Co. v. Wada (In re Wada)*, 210 B.R. 572, 576 (9th Cir. BAP 1991). Circumstances indicating fraud exist where a party knowingly and wrongly takes

something of value from another. *Ormsby v. First Am. Title Co. of Nev. (In re Ormsby),* 591 F.3d 1199, 1205 (9th Cir. 2010).

Plaintiff alleges that it purchased Sky Limit's Receipts. (Compl. ¶ 9.) Plaintiff further alleges that, under the Purchase Agreement, Defendant "was entrusted with the Receipts" and "had a contractual right to be in possession of those Receipts," and that the Receipts were to remain in Sky Limit's possession in the Designated Account until Plaintiff's scheduled weekly ACH debits. (Compl. ¶¶ 78-79.) Plaintiff alleges that Defendant instead caused the Receipts to be diverted away from the designated account, primarily through transfers to his wife and pledging Receipts as collateral to Bluevine and ODK, and that Defendant misappropriated portions of the Purchase Price and Receipts for his own benefit by fraudulent intent or deceit. (Compl. ¶¶ 80-82.)

Taking these allegations as true at the pleading stage, Plaintiff has plausibly alleged property rightfully in Defendant's possession as a nonowner, appropriation inconsistent with the entrusted purpose, and circumstances indicating fraud. *In re Wada*, 210 B.R. at 576; *Ormsby*, 591 F.3d at 1205. Accordingly, the Motion is DENIED to the extent the Third Claim proceeds on a theory of embezzlement. (Compl. ¶¶ 78-83.)

**C. Larceny**

Larceny under § 523(a)(4) requires a showing that the debtor wrongfully took property from its owner and that the debtor's initial possession of the property was unlawful. *In re Littleton*, 942 F.2d at 555. Unlike embezzlement, larceny requires that the debtor never have had lawful possession of the property.

Here, Plaintiff expressly alleges that Defendant "was entrusted with the Receipts" and "had a contractual right to be in possession of those Receipts." (Compl. ¶ 78.) Plaintiff further alleges that the Receipts were to remain in Sky Limit's possession in the Designated Account pending Plaintiff's ACH debits. (Compl. ¶ 79.) These allegations describe lawful possession at inception, followed by alleged diversion or misappropriation.

Because the Complaint alleges lawful possession of the Receipts before the alleged wrongdoing, it does not plead a plausible larceny theory under § 523(a)(4). Accordingly, to the extent the Third Claim is premised on larceny, the Motion is GRANTED.

**III. Fourth Claim for Relief: § 523(a)(6)**

Plaintiff's Fourth Claim seeks nondischargeability under § 523(a)(6). (Compl. ¶¶ 85-94.) To prevail under § 523(a)(6), a plaintiff must prove willful conduct, malice, and causation. *Carrillo v. Su (In re Su),* 290 F.3d 1140, 1146-47 (9th Cir. 2002). Willfulness requires a subjective motive to inflict injury or a subjective belief that injury is substantially certain to result. *Id.* at 1144-46; *Ormsby,* 591 F.3d at 1206. Malice requires a wrongful act, done intentionally, that necessarily causes injury, and that is done without just cause or excuse. *Patralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001); *In re Su*, 290 F.3d at 1146-47. An intentional conversion that necessarily produces harm and is without just cause or excuse may satisfy the "willful and malicious" standard. *In re Littleton*, 942 F.2d at 554.

Plaintiff alleges that Defendant engaged in willful and malicious acts by converting Receipts, including by selling, transferring, or pledging the Receipts as collateral to Bluevine, and by diverting deposits and stopping payment from the designated account. (Compl. ¶¶ 89, 92.) Plaintiff further alleges that Defendant made misrepresentations concerning Sky Limit's closure and financial condition and failed to disclose material changes, and that Defendant acted knowing harm would result to Plaintiff. (Compl. ¶¶ 90-93.) At the pleading stage, Plaintiff's allegation that Defendant acted "knowing" harm would result supports a plausible inference of willfulness under the subjective standard described in *Su* and *Ormsby.* (Compl. ¶ 93); *In re Su*, 290 F.3d at 1144-46; *Ormsby,* 591 F.3d at 1206. Thus, these allegations are sufficient to state a plausible claim for willful and malicious injury under § 523(a)(6). *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678; *In re Su*, 290 F.3d at 1144-47; *Ormsby,* 591 F.3d at 1206; *Jercich*, 238 F.3d at 1209.

Accordingly, the Motion is DENIED as to the Fourth Claim. (Compl. ¶¶ 85-94.)

**IV. Leave to Amend**

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given when justice so requires. Leave may be denied only upon a showing of undue delay, bad faith, futility, or prejudice. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011). Because the Third Claim is dismissed only to the extent it is premised on "fraud or defalcation while acting in a fiduciary capacity" (Compl. ¶¶ 74-76, 84), Plaintiff is granted leave to amend that aspect of the claim.

**V. Conclusion**

The Motion is GRANTED in part and DENIED in part. The Third Claim under § 523(a)(4) is dismissed only to the extent it seeks relief for "fraud or defalcation while acting in a fiduciary capacity" or larceny (Compl. ¶¶ 74-76, 84), with leave to amend. The Motion is otherwise DENIED, including as to embezzlement under § 523(a)(4) (Compl. ¶¶ 78-83) and the Fourth Claim under § 523(a)(6) (Compl. ¶¶ 85-94).

The March 3, 2026 hearing on the Motion is VACATED. The March 3, 2026 status conference is continued to May 5, 2026, at 1:30 p.m. with a status report due 14 days in advance.

**IT IS SO ORDERED.**

Date: March 2, 2026

Scott C. Clarkson
United States Bankruptcy Judge

-6-