**HESTON & HESTON,**
**ATTORNEYS AT LAW**
RICHARD HESTON (90738)
HALLI HESTON (90737)
BENJAMIN HESTON (297798)
19700 Fairchild Road #280
Irvine, CA 92612
Tel: 949.222.1041
Fax: 949.222.1043
*ben@nexusbk.com*

Attorneys for Defendant

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MARKSIANE SENELATH, and<br><br>LINDA GIP,<br><br>        Debtors. | **Case No: 8:25-bk-10995-SC**<br><br>**Chapter 7**<br><br>**Adv. No: 8:25-ap-01303-SC**<br><br>**ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523** |
| KAPITUS SERVICING, INC., as Servicing Agent for Kapitus, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>MARKSIANE SENELATH,<br><br>        Defendant. | |

Defendant, Marksiane Senelath, hereby answers the Complaint to Determine Nondischargeability of Debt filed by Plaintiff Kapitus Servicing, Inc., as Servicing Agent for Kapitus, LLC, and alleges as follows:

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 2 of the Complaint, and on that basis denies them.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

1

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits he is the owner of Array Energy Corp., but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant reincorporates his responses to all preceding paragraphs as if fully set forth in response to Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant reincorporates his responses to all preceding paragraphs as if fully set forth in response to Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. Defendant reincorporates his responses to all preceding paragraphs as if fully set forth in response to Paragraph 74 of the Complaint.

75. Pursuant to the Court's Order entered March 2, 2026 (docket #27), the Plaintiff's Third Claim under 11 U.S.C. § 523(a)(4) was dismissed to the extent it seeks relief for "fraud or defalcation while acting in a fiduciary capacity" and "larceny." To the extent a further response is required, Defendant denies the remaining allegations contained in Paragraph 75 of the Complaint.

76. Pursuant to the Court's Order entered March 2, 2026, claims relating to "fraud or defalcation while acting in a fiduciary capacity" and "larceny" have been dismissed. To the extent a further response is required, Defendant denies the remaining allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84. Pursuant to the Court's Order entered March 2, 2026, claims relating to "fraud or defalcation while acting in a fiduciary capacity" and "larceny" have been dismissed. To the extent a further response is required, Defendant denies the remaining allegations contained in Paragraph 84 of the Complaint.

85. Defendant reincorporates his responses to all preceding paragraphs as if fully set forth in response to Paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95. Except as expressly admitted herein, Defendant denies each and every remaining allegation of the Complaint.

///

///

///

///

ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses and reserves his right to assert additional defenses if and when they become known:

### **First Affirmative Defense**

### **(Failure to State a Claim)**

The Complaint fails to state facts sufficient to constitute a claim for relief under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6).

### **Second Affirmative Defense**

### **(Lack of Intent)**

Defendant did not act with intent to deceive, defraud, or injure Plaintiff. Any alleged nonperformance resulted from business circumstances, not fraud.

### **Third Affirmative Defense**

### **(No False Representation)**

Any statements made were true when made, substantially accurate, or non-actionable opinions or projections.

### **Fourth Affirmative Defense**

### **(No Justifiable Reliance – § 523(a)(2)(A))**

Plaintiff did not justifiably rely on any alleged representation, particularly given its status as a sophisticated commercial lender.

### **Fifth Affirmative Defense**

### **(No Reasonable Reliance – § 523(a)(2)(B))**

Plaintiff did not reasonably rely on any written statements as required under § 523(a)(2)(B).

**Sixth Affirmative Defense**

**(Not Statements of Financial Condition)**

The alleged statements do not constitute statements respecting financial condition within the meaning of § 523(a)(2)(B).

**Seventh Affirmative Defense**

**(No Causation)**

Any alleged misrepresentation was not the proximate cause of Plaintiff's damages, which resulted from independent risks or Plaintiff's own underwriting decisions.

**Eighth Affirmative Defense**

**(Contract Claim Only)**

The allegations sound, at most, in breach of contract. Plaintiff improperly seeks to transform a contract dispute into a non-dischargeability claim.

**Ninth Affirmative Defense**

**(Waiver/Estoppel/Ratification)**

Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, and ratification based on its conduct, including acceptance of performance and failure to timely act.

**Tenth Affirmative Defense**

**(No Fiduciary Capacity – § 523(a)(4))**

No express or technical trust existed; Defendant was not acting in a fiduciary capacity within § 523(a)(4).

///

///

///

///

ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523

**Eleventh Affirmative Defense**

**(No Embezzlement or Larceny)**

Defendant did not misappropriate property of Plaintiff, and Plaintiff did not hold a property interest sufficient to support such claims.

**Twelfth Affirmative Defense**

**(No Willful and Malicious Injury – § 523(a)(6))**

Defendant did not engage in willful or malicious conduct intended to cause injury.

**Thirteenth Affirmative Defense**

**(Unclean Hands)**

Plaintiff's claims are barred by the doctrine of unclean hands.

**Fourteenth Affirmative Defense**

**(Failure to Mitigate)**

Plaintiff failed to mitigate its alleged damages.

**Fifteenth Affirmative Defense**

**(Setoff / Recoupment)**

Defendant is entitled to setoff and/or recoupment.

**Sixteenth Affirmative Defense**

**(Reservation)**

Defendant reserves the right to assert additional defenses as they become known.

///

///

///

///

ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523

### **PRAYER FOR RELIEF**

Wherefore, Defendant respectfully requests that the Court order as follows:

1.  Judgment to be entered in Defendant's favor and the Complaint be dismissed;

2.  Defendant be awarded a judgment for costs of suit and reasonable attorney's fees pursuant to 11 U.S.C. § 523(d) and applicable contract provisions; and

3.  Any such further relief the Court deems just and necessary.

Respectfully,

HESTON & HESTON

Date: March 19, 2026

/s/Benjamin Heston

BENJAMIN HESTON,
Attorney for Defendant

ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 3/19/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jeffrey I Golden (TR)    lwerner@go2.law, kadele@go2.law;C205@ecfcbis.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Rebecca M Wicks    rwicks@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 3/19/2026 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
411 West Fourth Street
Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/19/2026 | Yanira Flores | /s/Yanira Flores |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                  **F 9013-3.1.PROOF.SERVICE**